## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERARD MENDONCA,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **No. 12-2967** |
| | |
| **HONORABLE KERN REESE, et al.,** | **SECTION "E"** |
| **Defendant** | |

### ORDER AND REASONS

Before the Court is a motion to dismiss filed by the Honorable Kern Reese, the Honorable Charles Jones, and the Honorable Catherine Kimball (together, the "Defendants").[1] The Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(1) of all claims asserted by plaintiff Gerard Mendonca ("Mendonca") in his first supplemental and amended complaint.[2] Mendonca opposes the motion.[3] For the reasons set forth below, the Defendants' motion to dismiss is granted.

### BACKGROUND

This case arises out of a suit brought by Mendonca against Tidewater Inc. ("Tidewater") alleging that Mendonca was an employee of Tidewater and that Tidewater wrongfully discharged him due to race discrimination, retaliation for whistle blowing, breach of contract and negligence or intentional tort, all in violation of Louisiana law.[4]

---

[1] R. Doc. 19 (Motion to dismiss plaintiff's first supplemental and amending complaint).

[2] R. Doc. 19.

[3] R. Doc. 21 (Opposition to motion to dismiss).

[4] *See Mendonca v. Tidewater* Inc., 2003-1015, p. 1 (La. App. 4 Cir. 12/17/03) (*"Tidewater I"*).

1

Mendonca's state court case is over a decade old and has a lengthy procedural history involving various legal issues ruled upon by the Court of Appeals of Louisiana, the Supreme Court of Louisiana, and the Supreme Court of the United States. *See, e.g., Mendonca v. Tidewater Inc.,* 08-0264 (La. App. 4 Cir. 11/5/08); 2008 WL 8919952 (unpublished). At this point, all of Mendonca's state law claims against Tidewater have been dismissed.[5] *See Mendonca v. Tidewater Inc.,* 2003-1015, p. 1 (La. App. 4 Cir. 12/17/03); 862 So. 2d 505, *writ denied*, 04-0426 (La. 4/8/04); 870 So. 2d 272 ("*Tidewater I*") (affirming dismissal of all claims, except a tort claim for intentional interference with employment contract, and remanding to allow Mendonca the chance to establish that claim); *Mendonca v. Tidewater, Inc.*, 05-1155 (La. App. 4 Cir. 5/31/06); 933 So. 2d 233, *writ denied*, 06-1808 (La. 10/27/06); 939 So. 2d 1280, *cert denied*, 549 U.S. 1309, *reh'g denied,* 550 U.S. 954 (2007) ("*Tidewater II*") (affirming trial court's grant of summary judgment that Mendonca could not establish a claim for intentional interference with employment contract due to an absence of supporting evidence).

After *Tidewater II*, Mendonca attempted to revive his claims via a multitude of actions to nullify the previous rulings. *See Mendonca v. Tidewater, Inc.,* 08–0264 (La. App. 4 Cir. 11/5/08); 996 So.2d 74 (unpublished), *writ denied*, 08–2820 (La. 1/30/09); 999 So.2d 738 ("*Tidewater III*") (holding that Mendonca's motion to annul the trial court's judgment dismissing his claim, which was affirmed in *Tidewater II*, lacked merit). Most

---

[5] Prior to filing suit in state court, Mendonca filed suit against Tidewater in the United States District Court for the Eastern District of Louisiana. *See Tidewater I*, 862 So.2d at 505 n. 1. In the federal suit, he asserted the same claims as in the state suit as well as several federal law claims. *Id.* The federal suit was dismissed with prejudice with respect to the federal law claims and without prejudice with respect to the state law claims. *Id.* The federal district court's judgment dismissing the claims was affirmed on appeal by the United States Court of Appeal for the Fifth Circuit. *Id.* The state law claims were re-filed in the state suit. *Id.*

recently, Mendonca brought an appeal based on Tidewater's exceptions of no cause of action and *res judicata*. *Mendonca v. Tidewater*, 11-0318 (La. App. 4 Cir. 9/7/11); 73 So. 3d 407 ("*Tidewater IV*"). In *Tidewater IV*, the state appellate court held that (1) Mendonca's nullity action was precluded by the state appellate court's previous rejection of the nullity action in *Tidewater III*; (2) Mendonca's filing of repetitive and duplicitous actions warranted the imposition of sanctions; (3) the district court's award of $10,000 in attorney's fees plus costs did not constitute abuse of discretion; and (4) the trial court's revocation of Mendonca's *in forma pauperis* status did not constitute an abuse of discretion. *Tidewater IV*, 73 So.3d at 416. A final application to the Louisiana Supreme Court for Writ of Certiorari and/or Review was denied. *Mendonca v. Tidewater, Inc.*, 11-2333 (La. App. 4 Cir. 12/2/11); 76 So. 3d 1179 ("*Tidewater V*").

After the numerous state court actions ran their course, Mendonca brought this lawsuit against the Defendants, in their official and individual capacities, "pursuant to 28 U.S.C. 1331, 29 U.S.C. 1332, 46 U.S.C. 1983 as well as U.S. Constitution and Louisiana State Laws including but not limited to La. C.C.P. 3861 and La. C.C.P. 3863."[6] Essentially, Mendonca claims that Tidewater's successor Al Wasl Marine L.L.C. ("Al Wasl") was an indispensable party to the state court action but was not joined, so the case should have been remanded by the Louisiana appellate courts to the state trial court for the joinder of Al Wasl and for a new trial on Tidewater's exceptions.[7] Mendonca argues that because Al Wasl was an indispensable party to the state court action and was not joined, the state

---

[6] R. Doc. 1 at p. 1.

[7] *Id.* at p. 3.

courts lacked jurisdiction, and thus any ruling by the state courts was void *ab initio*.[8]  As a result of those alleged violations, Mendonca sought in federal court in this suit monetary damages from the Defendants, a writ of mandamus, and the following "declaratory relief and injunctive relief": (1) a declaration that the Defendants' conduct violated Mendonca's rights; (2) an order enjoining the Defendants from taking such action in the future; (3) a declaration that the state court's final judgment on Tidewater's exceptions is an "absolute nullity"; (4) an order that Mendonca's case "be continued in Louisiana state court in forma pauperis"; and (4) a declaration that the Defendants "erred in issuing monetary and non-monetary sanctions."  Mendonca also sought an award of "equitable relief"; an order instructing Tidewater to provide Mendonca back pay, front pay, and reimbursement of benefits; and an award of costs and attorney's fees associated with the prosecution of this federal lawsuit.

On February 15, 2013, the Defendants moved to dismiss Mendonca's claims on the grounds that (1) the *Rooker-Feldman* doctrine precludes the exercise of subject matter jurisdiction in this case; (2) abstention is proper under the *Younger* doctrine; (3) Mendonca's claims are barred by judicial immunity; (4) the Eleventh Amendment prohibits claims against judges filed in their official capacity; and (5) federal courts lack the power to issue writs of mandamus.[9] Mendonca then filed an opposition to the Defendants' motion to dismiss.[10]  The Defendants filed a reply in further support of their motion to dismiss.[11]

---

[8] *Id.* at p. 3.

[9] R. Doc. 3 at p. 1 (Motion to dismiss).

[10] R. Doc. 4 (Opposition to motion to dismiss).

[11] R. Doc. 10 (Reply memorandum in support of motion to dismiss).

On May 13, 2013, Mendonca was granted leave to amend his complaint.[12]  Mendonca's first supplemental and amending complaint was docketed that same day.[13]  On May 17, 2013, this Court dismissed as moot the pending motion to dismiss Mendonca's original complaint.[14]

Now before the court is the Defendants' motion to dismiss Mendonca's amended complaint. Mendonca's amended complaint seeks the same declaratory and injunctive relief as his original complaint.[15]  The Defendants have again moved to dismiss Mendonca's claims, pursuant to Rule 12(b)(1) and Rule 12(b)(6), on the following grounds: (1) the *Rocker-Feldman* Doctrine precludes the exercise of subject matter jurisdiction; (2) abstention is proper under the *Younger* doctrine; and (3) federal courts lack the general power to issue writs of mandamus.[16] Mendonca filed an opposition to the motion to dismiss.[17]

## ANALYSIS

### I.      Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(h)(3) mandates the dismissal of an action when a federal court lacks jurisdiction over the subject matter of the plaintiff's claim.  A party seeking to challenge a federal court's jurisdiction, based upon the allegations on the face of

---

[12] R. Doc. 15 (Order granting plaintiff leave to amend his complaint); *see also* R. Doc. 16 (amended complaint).

[13] R. Doc. 16 (First supplemental and amending complaint).

[14] R. Doc. 18 (Order denying Defendant's motion to dismiss original complaint).

[15] R. Doc. 19-1 at p. 2.

[16] R. Doc. 19 at p. 1.

[17] R. Doc. 21 (Opposition to motion to dismiss).

the complaint, may file a motion pursuant to Federal Rule of Civil Procedure 12(b)(1). *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).   In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts." *Barrera-Montenegro*, 74 F.3d at 659 (internal citations omitted).   A federal court has an unflagging duty to inquire into its jurisdiction whenever the possibility of a lack of jurisdiction arises.   *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As the party asserting federal jurisdiction, the burden is on the plaintiff to demonstrate that jurisdiction is proper.   *Id.*

The Court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *In re FEMA Trailer Formaldehyde Prods. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).   "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of [her] claims entitling [her] to relief."   *Id.* at 287 (citing *Wagstaff v. United States Dep't of Educ.,* 509 F.3d 661, 663 (5th Cir. 2007)).

## II.    *Rooker-Feldman* Doctrine

The *Rooker–Feldman* doctrine applies in cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings began and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp.v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. of Colum. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). Federal district courts are empowered to exercise only original, not appellate, jurisdiction and, even if a state court decision is wrong, "that does not make the judgment void, but merely open to reversal or modification in an appropriate and timely appellate proceeding." *Rooker*, 263 U.S. at 414-15. As a result, under the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Importantly, the application of the *Rooker-Feldman* doctrine is not solely limited to federal claims which are identical to those claims which were previously raised in state court. If a federal district court is confronted with issues that are "inextricably intertwined" with a state court judgment, the *Rooker-Feldman* doctrine prohibits review of the state court judgment by the federal district court. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

　　In the case at hand, Mendonca is essentially seeking appellate review of state court orders in federal court. Mendonca continually references his state court case and the argument he repeatedly raised in state court that the failure to join Al Wasl as a third party deprived the state court of jurisdiction.[18]  While Mendonca does not assert constitutional claims in his most recent amended complaint,[19] the Court finds that the declaratory judgment and injunctive claims asserted in Mendonca's amended complaint are

---

[18] R. Doc. 19-1 at p. 2.

[19] Mendonca deleted his constitutional claims when he amended his complaint.

"inextricably intertwined" with the state court judgments in *Tidewater I*, *II*, *III*, IV, and *V*. In arguing that Judge Reese should have annulled the final judgment against Mendonca on Tidewater's exceptions, that Judge Jones and Justice Kimball should have granted Mendonca his requested relief on appeal, and that the Defendants' actions should be declared illegal and/or unconstitutional and that the Defendants should be enjoined from taking similar actions in the future, Mendonca is effectively challenging the state court's judgment, and the *Rooker-Feldman* doctrine prohibits this Court from entertaining an appeal of those judgments. As such, the *Rooker-Feldman* doctrine prohibits the Court from exercising jurisdiction over Mendonca's claims for declaratory and injunctive relief.

The Court lacks subject matter jurisdiction over all of Mendonca's claims. As a result, those claims must be dismissed.[20]

### CONCLUSION

Accordingly, **IT IS ORDERED** that the Defendants' motion to dismiss Mendonca's claims under Rule 12(b)(1) be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that Mendonca's claims against the Defendants be and hereby are **DISMISSED.** The Court will enter judgment accordingly.

**New Orleans, Louisiana, this** ___3rd___ **day of July, 2013.**

*Susie Morgan*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[20] In their motion to dismiss, Defendants also argued that Mendonca's claim should be dismissed pursuant to the *Younger* doctrine of abstention and because federal courts lack the general power to issue writs of mandamus to direct state courts in the performance of their duties. Because the Court lacks subject matter jurisdiction to hear Mendonca's claims pursuant to the *Rooker-Feldman* doctrine, it is unnecessary to address the Defendants' alternative arguments.